```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                  SOUTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION


JUAN LANDAVERDE, #263540,        :

     Plaintiff,                  :

vs.                              :   CIVIL ACTION 18-0295-TFM-M

JEFFERSON DAVIS COMMUNITY        :
COLLEGE,
                                 :
     Defendant.
```

REPORT AND RECOMMENDATION

Plaintiff Juan Landaverde, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983. His action has been referred to the undersigned for appropriate action pursuant to United States District Judge Moorer's order dated November 30, 2018 (Doc. 8), 28 U.S.C. § 636(b)(1)(B), and S.D. Ala. GenLR 72(a)(2)(R). It is recommended that this action be dismissed without prejudice, prior to service of process, as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is further recommended that Plaintiff be granted leave to file an amended complaint pursuant to the directions near the end of the Report and Recommendation.

I.   Amended Complaint. (Doc. 5).[1]

---

[1] Plaintiff was ordered to file his complaint on this Court's § 1983 form because the original complaint was on another Court's complaint form. (Doc. 4 at 1). Plaintiff was warned that his amended complaint would supersede his original complaint. (*Id.*).

Plaintiff identifies Jefferson Davis Community College as the sole Defendant. (Doc. 5 at 5). Plaintiff is suing Defendant for the loss of his "pinky" finger on September 7, 2017, which occurred at the Fountain Corrections Center ("Fountain") trade-school program operated by Defendant's "employees." (*Id.*).

According to Plaintiff, when he returned to Fountain, he enrolled in the cabinet shop class at the trade school. (*Id.* at 4). Because he had carpentry experience, he was given a project and was told "what machine did what, but [was] never given a class on how to properly use the machines." (*Id.*). While he was using a planer with an outdated safety guard, he shredded his pinky finger, which eventually had to be completely removed. (*Id.*). He asserts that he had no experience using the planer, was not supervised, and had not received an OSHA safety class. (*Id.*).

In the area of the complaint form provided for stating what he would like the court to do for him, Plaintiff left the space empty. (*Id.* at 7). However, in the original complaint, Plaintiff requested $2 million and a jury. (Doc. 1 at 6).

II.   Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing the Amended Complaint (Doc. 5) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may

2

be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 336 (1989).[2] A claim is frivolous as a matter of law where, *inter alia,* the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly,* 550 U.S. at 555, 557,

---

[2] *Neitzke*'s interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B). *Bilal v. Driver*, 251 F.3d 1346, 1348-49 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).

127 S.Ct. at 1966 (second brackets in original). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal,* 556 U.S. 662 (2009). Furthermore, a court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal,* 556 U.S. at 681, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.), *cert. denied,* 493 U.S. 863 (1989).

III. <u>Analysis</u>.

    A. <u>Defendant Is Not a Person for § 1983 Purposes</u>.

Defendant, as a member of the community college system in Alabama, is an "arm of the State." *Morris v. Wallace Cmty. College-Selma,* 125 F. Supp.2d 1315, 1335 (S.D. Ala. 2001), *aff'd*

4

34 F. App'x 386 (11th Cir 2002). In a § 1983 action, the State of Alabama and its "arms" (i.e., departments/agencies) are not considered "persons." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). However, "[a] successful section 1983 action requires a showing that the conduct complained of (1) was committed by a *person* acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (emphasis added). Inasmuch as Defendant is not a "person" for § 1983 purposes, Plaintiff's claim against Defendant is frivolous as a matter of law.

    B. <u>Defendant Is Entitled to Eleventh Amendment Immunity</u>.

Furthermore, the Eleventh Amendment "prohibits federal courts from entertaining suits by private parties against States and their agencies" in the absence of a State's consent. *Alabama v. Pugh*, 438 U.S. 781, 781, 98 S.Ct. 3057, 3057, 57 L.Ed.2d 1114 (1978) (ruling the Eleventh Amendment barred an action against the State).[3] The two exceptions to a State's immunity are if the State has waived its immunity or Congress has abrogated the State's immunity. *Virginia Office for Prot. &*

---

[3] The Eleventh Amendment provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.

5

*Advocacy v. Stewart*, 563 U.S. 247, 253-54, 131 S.Ct. 1632, 1637-38, 179 L.Ed.2d 675 (2011); *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1524 (11th Cir. 1990). Alabama, however, has not waived its Eleventh Amendment immunity. *Pugh*, 438 U.S. at 782, 98 S.Ct. at 3057-58 (finding Article I, § 14, of the Alabama Constitution prohibits Alabama from giving its consent and therefore Alabama was entitled to Eleventh Amendment immunity); *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (holding Alabama has not waived its Eleventh Amendment immunity) (unpublished).[4] Nor has Congress in § 1983 abrogated a State's Eleventh Amendment immunity. *Carr,* 916 F.2d at 1525 (citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979)); *see Sossamon v. Texas*, 563 U.S. 277, 284, 131 S.Ct. 1651, 1658, 179 L.Ed.2d 700 (2011) (holding the test for determining whether a State has waived its sovereign immunity is a stringent one that requires the relevant statute to express unequivocally the State's consent to be sued). For this alternate reason, this action against Defendant is due to be dismissed with prejudice as frivolous.

    C. <u>Substantive Allegations Fail to State a Claim</u>.

    Moreover, in considering the substantive allegations, Plaintiff indicates that Defendant's employees' acts or

---

[4] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

omissions caused his injury and he seeks to hold Defendant liable for its employees' acts or omissions. (Doc. 5 at 5). In a § 1983 action, an employer cannot be held liable for its employee's acts or omissions. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-92, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978) (holding a city in a § 1983 action could not be held liable either vicariously or under the theory of *respondeat superior* for the acts of an employee). Rather, § 1983 requires that a plaintiff allege a causal connection between the acts or omissions of a person who acts under color of state law and a deprivation of his constitutional or federal rights. *Williams v. Bennett,* 689 F.2d 1370, 1380-81, 1384 (11th Cir. 1982), *cert. denied*, 464 U.S. 932 (1983). And he must allege this deprivation was the legal cause of his injury. (*Id.* at 1381). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948. And the facts needed to be alleged "will vary with the constitutional provision at issue." (*Id.*).

Notwithstanding the foregoing, the Constitution is not violated every time an inmate is injured. *Zatler v. Wainwright*, 802 F.2d 397, 403 (11th Cir. 1986). Under § 1983, negligence is not a basis for liability. *Daniels v. Williams*, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986) ("the Due Process

7

Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"); *Davidson v. Cannon*, 474 U.S. 344, 348, 106 S.Ct. 668, 671, 88 L.Ed.2d 677 (1986) (same). Here, the present allegations appear to convey the acts or omissions were merely negligent.

For these additional reasons, the claims against Defendant are due to be dismissed without prejudice for failure to state a claim upon which relief can be granted.

IV. Conclusion.

Based upon the foregoing reasons, it is recommended that this action against Defendant Jefferson Davis Community College be dismissed without prejudice, prior to service of process, as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is further recommended that Plaintiff be **granted** leave to file an amended complaint for the purpose of naming a Defendant who acts under color of state law (a state official) and who violated his constitutional rights, which led to his injury. *See Bank v. Pitt*, F.2d 1108, 1112 (11th Cir. 1991), *overruled on other grounds by Wagner v. Daewood Heavy Indus. Am. Corp.,* 314 F.3d 541, 542 (11th Cir. 2002) (providing that a *pro se* plaintiff "be given one chance to amend the complaint before the district court dismissed the action with prejudice"). The Clerk is **directed** to send Plaintiff a § 1983 complaint form for his use

8

in filing an amended complaint.

If Plaintiff elects to file an amended complaint, his amended complaint will replace his prior complaints filed in this action. *See Fritz v. Standard Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982). Therefore, he should not rely on his prior complaints.

In pleading a claim against a state official, Plaintiff shall be mindful to allege facts, (and not to make conclusions or legal statements), in order to state a claim that is plausible. *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949 ("a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"). In this instance, Plaintiff's allegations must show: (1) the defendant was "deliberately indifferent" [subjective element] (2) to a risk of harm "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk [objective element] . . . ." *Helling v. McKinney*, 509 U.S. 25, 35-36, 113 S.Ct. 2475, 2481-82, 125 L.Ed.2d 22 (1993) (emphasis in original); *see Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994) (the inmate must show as an objective element that he "is incarcerated under conditions posing a substantial risk of serious harm"). Both the subjective element and objective element must be alleged against each named defendant in the

9

newly filed amended complaint in addition to alleging § 1983's causation element, i.e., the unconstitutional act or omission caused his injury.  *LaMarca v. Turner,* 995 F.2d 1526, 1535 (11th Cir.), *cert. denied,* 510 U.S. 1164 (1994).

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

10

specify the place in the Magistrate Judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    DONE this 8th day of January, 2019.

                                 <u>/s/ BERT W. MILLING, JR.</u>
                                 UNITED STATES MAGISTRATE JUDGE